# EXHIBIT A

- Complaint in Tort for Damages and Demand for Jury Trial
- Plaintiff's Motion for Appointment of a Special Agent for Service of Process and Order on Same
- Plaintiff's First Interrogatories to Defendant Kangaroo Express, Inc.
- Plaintiff's First Request for Production of Documents to Defendant Kangaroo Express, Inc.
- Certificate of Service of Discovery Materials



IN THE SUPERIOR COURT FOR FLOYD COUNTY
STATE OF GEORGIA

FILED IN OFFICE

DONNA RICHARDSON,                    )
                                     )        FEB 0 2 2010
        Plaintiff,                   )
                                     )
vs.                                  )
                                     )      CIVIL ACTION FILE NO: CLERK
THE PANTRY, INC and/or KANGAROO      )      10CV00430JFL002
EXPRESS, INC. d/b/a KANGAROO EXPRESS )
STORE # 3638,                        )
                                     )
        Defendants.                  )

## COMPLAINT IN TORT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

COMES NOW the Plaintiff, Donna Richardson and files this her Complaint in Tort

for Damages and Demand for Trial by Jury, as follows:

### Jurisdiction and Venue

1.

Defendant Kangaroo Express, Inc. (hereinafter "Kangaroo Express") is a domestic,

for-profit corporation organized and existing under the laws of the State of North Carolina.

Said corporation's principal office address is P.O. Box 1410, 1801 Douglas Drive, Sanford,

North Carolina 27331. Process may be served upon Defendant Kangaroo Express by

virtue of service of process upon its registered agent within the State of Georgia, to wit:

Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia

30092.

2.

Defendant The Pantry, Inc. (hereinafter "The Pantry") is a domestic, for-profit

corporation organized and existing under the laws of the State of North Carolina. Said

Page **1** of **6**

corporation's principal office address is P.O. Box 1410, 1801 Douglas Drive, Sanford, North Carolina 27331. Process may be served upon Defendant Kangaroo Express by virtue of service of process upon its registered agent within the State of Georgia, to wit: Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

3.

Plaintiff Donna Richardson ("Ms. Richardson") is a resident of the State of Georgia, and is subject to the jurisdiction of this Court.

4.

Under Article VI, Section II, Paragraph VI of the Constitution of the State of Georgia, and OCGA § 14-2-510(b)(3), venue is proper in this Court.

### Statement of Plaintiff's Claim

5.

On February 8, 2008, Ms. Richardson was a business invitee and customer of Kangaroo Express store #3638, which is located at 1808 Dean Avenue, Rome, Georgia 30161. ("The subject premises.")

6.

At all times relevant hereto, the subject premises were owned, operated, maintained and/or controlled by Defendant Kangaroo Express, Inc. and/or Defendant The Pantry Inc.

7.

Ms. Richardson entered the subject premises in order to purchase gasoline for her vehicle. At all times relevant hereto, while Ms. Richardson was walking within the subject

premises, Ms. Richardson was exercising ordinary care and was watching where she was walking.

8.

While within Kangaroo Express' premises, Ms. Richardson purchased gasoline for her personal vehicle. When Ms. Richardson walked into the Kangaroo Express store to pay for her purchase, she stepped into a "pothole" or hole that had developed on the walking surface between the gasoline pumps and the store building. (The "hazardous area.") Ms. Richardson stepped into the hazardous area, fell and suffered injuries to her person.

9.

The hazardous area was not marked by any warning signs, cones, marking paint or other visual indicators designed to warn invitees, such as Ms. Richardson, that there was a hazard present. Further, because the hazardous area was similar in color to the walking surface, Ms. Richardson was unable to see the hazardous area before she stepped into the area and fell.

10.

As a result of the subject fall, Ms. Richardson suffered personal injuries, including but not limited to her left knee, wrists and shoulder.

### Defendants' Liability for Ms. Richardson's Injuries

11.

As a result of the negligent acts and omissions of these Defendants, by and through their employees and agents, and particularly due to the fact that Defendants' employees and agents actually knew, or through the exercise ordinary care should have known that

the hazardous area where Ms. Richardson was walking presented a danger and risk of injury to its invitees, Ms. Richardson sustained personal injuries and damages described herein.

12.

Ms. Richardson's injuries and damages were directly and proximately caused by the negligent acts and/or omissions of Defendants, and certain unknown employees and agents of Defendants, all of which are imputed to Defendants, including, but not limited to:

A.    Defendants' failure to exercise ordinary care in keeping the premises and approaches of its Rome, Georgia store (#3638) safe, pursuant to OCGA § 51-3-1; and

B.    Defendants' failure to warn its business invitees, such as Ms. Richardson, that a dangerous and hazardous condition was present on its premises that would expose invitees, such as Ms. Richardson, to an unreasonable risk of harm or injury.

### Ms. Richardson's Injuries and Damages

13.

As a result of the negligence of Defendant Kangaroo Express aforesaid, Ms. Richardson sustained bodily injuries including injuries to her left knee, shoulder and wrists. ("The subject injuries.")

14.

As a result of the subject injuries and the effects therefrom, Ms. Richardson

Page 4 of 6

sustained severe and disabling bodily injuries, for which she has incurred medical expenses. Ms. Richardson has suffered severe pain and agony, and will continue to suffer pain into the future. Ms. Richardson has further been permanently deprived of her ability to enjoy a normal, active, happy, and pain-free life, because of the subject injuries.

15.

Ms. Richardson's physical pain, suffering and physical limitations caused by this Defendant has caused Ms. Richardson to endure emotional pain and suffering.

16.

As a further result of the subject injuries, Ms. Richardson suffered a temporary impairment of her earning capacity.

## Proximate Cause

17.

The negligence of these Defendants directly and proximately caused the subject injuries sustained by Ms. Richardson.

## Prayer for Relief

18.

Wherefore, Ms. Richardson prays as follows:

(a)     That process issue and be served upon this Defendant as provided by law;

(b)     That Plaintiff have a trial by jury;

(c)     That Plaintiff have verdict and judgment against this Defendant:

1.      To recover for all general damages incurred by Ms. Richardson,

including but not limited to:

(A)   Mr. Richardson's past, present and future physical pain and suffering caused by the injuries she suffered in the subject fall; and

(B)   the future physical disabilities and limitations that will inhibit Ms. Richardson's ability to engage in activities of daily living, and to enjoy her life;

2.   To recover all special damages incurred by Ms. Richardson including but not limited to: All past, present and future medical, surgical, rehabilitative or other expenses incurred by Ms. Richardson as a result of her injuries; and damages for the impairment to her earning capacity, which was caused by the injuries that she sustained due to Defendants' negligence.

3.   That Ms. Richardson have such other and further relief as law and justice so require, upon the trial of this case.

Respectfully submitted, this _____ day of February, 2010.

PARKER AND LUNDY

_____
Charles E. Morris, Jr.
Georgia Bar No. 523598

P.O. Box 1018
212 Main Street
Cedartown, Georgia 30125
770/748-5643

Page **6** of **6**

SUMMONS                          SC-85-1                                    Clyde Castleberry Co., Covington, GA. 30015

# IN THE SUPERIOR/~~STATE~~ COURT OF_____FLOYD_____COUNTY

## STATE OF GEORGIA

Donna Richardson_____

_____

_____

                         **PLAINTIFF**

        VS.

The Pantry, Inc. and/or Kangaroo_____

Express, Inc. d/b/a Kangaroo Express,_

Store # 3638,_____
                        **DEFENDANT**

CIVIL ACTION NUMBER  10CV00 43D JFL 002

## SUMMONS

Kangaroo Express, Inc. by and through its registered agent:
Corporation Service COmpany
40 Technology Parkway South, #300
Norcross, Georgia 30092

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Charles E. Morris, Jr.
PARKER AND LUNDY
P.O. Box 1018
212 Main Street
Cedartown, Georgia 30125

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This___2___day of___Feb___, 20_10_.

Clerk of Superior/State Court

BY _____
                                      **Deputy Clerk**

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

IN THE FLOYD COUNTY STATE COURT ~~FILED IN OFFICE~~
STATE OF GEORGIA

FEB 0 3 2010

_____
CLERK

DONNA RICHARDSON,                    )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )   CIVIL ACTION FILE NO:
                                     )   10 CV 00430 JFL002
THE PANTRY, INC. and/or KANGAROO     )
EXPRESS, INC. d/b/a KANGAROO EXPRESS )
STORE #3638,                         )
                                     )
        Defendants.                  )

## PLAINTIFF'S MOTION FOR APPOINTMENT
## OF A SPECIAL AGENT FOR SERVICE OF PROCESS

COMES NOW the Plaintiff Donna Richardson, and respectfully moves that this Court issue

an Order naming **Steve Langford and Nan Langford** as Special Agents for service of process,

to serve Defendants, with a copy of the Summons and Pleadings in this action, pursuant to OCGA

§ 9-11-4(c).  In support of this Motion, the Plaintiff shows to the Court that the Summons and

Complaint in this action were filed within thirty days of the period of limitations on the Plaintiff's

claim.

The Plaintiff further shows that **Steve Langford and Nan Langford** are over the age of

eighteen, and are citizens of the United States.  **Steve Langford and Nan Langford** are not

employees of the law firm of Parker and Lundy, not parties to this action, and have no interest in

the outcome of this case.

Respectfully submitted, this the ___ day of February, 2010.

PARKER & LUNDY

_____
Charles E. Morris, Jr.
Georgia Bar No. 523598

212 Main Street
P.O. Box 1018
Cedartown, Georgia 30125
(770) 748-5643

IN THE FLOYD COUNTY STATE COURT
STATE OF GEORGIA

FILED IN OFFICE

FEB 0 3 2010

_Vicci Jiealing_
CLERK

DONNA RICHARDSON,   )
)
   Plaintiff,   )
)
vs.   )   CIVIL ACTION FILE NO:
)   10CV00430 JFLoo2
THE PANTRY, INC. and/or KANGAROO   )
EXPRESS, INC. d/b/a KANGAROO EXPRESS   )
STORE #3638,   )
)
   Defendants.   )

## ORDER ON PLAINTIFF'S MOTION FOR APPOINTMENT
## OF A SPECIAL AGENT FOR SERVICE OF PROCESS

HAVING READ AND REVIEWED the Plaintiff's motion for appointment of a special agent

for service of process, the Court finds that sufficient grounds exist for granting said motion.

WHEREFORE, this Court Orders that **Steve Langford and Nan Langford**, citizens of the

United States over the age of eighteen years, are hereby authorized and specifically appointed

by this Court to serve process and to personally serve Defendants with a copy of the Summons

and Pleadings filed in this action.

SO ORDERED, this the 3rd day of February, 2010.

_____
Judge
Floyd County Superior Court
Rome Judicial Circuit

SERVICE COPY

IN THE FLOYD COUNTY STATE COURT
STATE OF GEORGIA

DONNA RICHARDSON,                    )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )        CIVIL ACTION FILE NO:
                                     )         10-CV-00430JFL002
THE PANTRY, INC. and/or KANGAROO     )
EXPRESS, INC. d/b/a KANGAROO EXPRESS )
STORE #3638,                         )
                                     )
        Defendants.                  )

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT THE KANGAROO EXPRESS, INC.
## d/b/a KANGAROO EXPRESS STORE #3638

COMES NOW the Plaintiff, Donna Richardson, pursuant to O.C.G.A. § 9-11-33 and files

these First Interrogatories, to Kangroo Express, Inc. d/b/a Kangaroo Express Store #3638.

Please respond to the following Interrogatories under oath, and furnish answers to Charles

E. Morris, Jr., Parker & Lundy, P.O. Box 1018, Cedartown, Georgia 30125.

NOTE A:   When used in these Interrogatories, the term Defendant, or any synonym
          thereof (including "you" or "your") is intended to and shall embrace and
          include, in addition to said Defendant, counsel for the Defendant and all
          agents, servants, employees, representatives, private investigators and
          others who are in possession of, or may have obtained information for or
          on behalf of said Defendant.

NOTE B:   These Interrogatories shall be deemed continuing and supplemental
          answers shall be required if the Defendant, directly or indirectly, obtains
          further information of the nature sought herein between the time the
          answers are served and the time of trial.

1.

State the name, address, telephone number and current employer of each person who

prepared or assisted in the preparation of the responses to these interrogatories.

2.

State the name, address, and telephone number and current employment of each individual who witnessed the incident or the events occurring immediately before or after the incident, or who heard any statements made about the incident by any individual at the scene, or who otherwise has any knowledge of the incident.

3.

For each of your employees physically present at 1808 Dean Avenue, Rome, Floyd County, Georgia, please provide the information requested in interrogatory #2.

4.

Have you, or anyone acting on your behalf, interviewed any individual concerning the incident complained of? If so, for each individual, state the name, address and telephone number of the individual interviewed.

5.

Have you, or anyone acting on your behalf, inspected the scene of the incident complained of, or otherwise investigated the incident?

6.

If the response to #5 is in the affirmative, state the name, address, and telephone number of the individual making the inspection or investigation, and the date and time of the inspection.

7.

Were any photographs of the scene taken by you or anyone acting on your behalf? If so, identify who took said photographs and where they are located.

8.

Please state whether you or anyone acting in your behalf have consulted any experts concerning the facts of the case.  If so, for each expert, please state his or her name, address,

occupation and capacity, and the substance of his or her findings or opinions respecting this action.

9.

State whether or not you intend to call an expert witness at the trial of this case.

10.

Do you, or anyone acting on your behalf, have any information that the Plaintiff made any admission or declaration against interest which in any way would tend to support your version of the case?

11.

If the response to #10 is in the affirmative, state the time and place when such admission or declaration was made, the substance of the admission or declaration, and the names addresses, telephone numbers and current employment of all persons in whose presence such alleged admission or declaration was made.

12.

Do you contend that any other person, business entity or government entity other than the Defendant is responsible in any way for the Plaintiff's injuries?

13.

Describe any complaints received at any time during February 8, 2008, by the management or employees of the subject store, from either customers or employees, regarding the condition of the floor.

14.

For each such complaint mentioned in the answer to the previous Interrogatory, please state the time of the complaint, the nature of this situation complained of and the name and address of the person so complaining.

15.

From November 1, 2007 to February 8, 2008, provide the names and addresses of any former or current employees or patrons of the subject store who have made known to the management that they have injured themselves by an unsafe hazard in the parking lot of Kangaroo Express's retail store #3638, located in Rome, Floyd County, Georgia.  A complete response to this Interrogatory will include information regarding any other individuals who fell on the same day that Plaintiff Donna Richardson fell, February 8, 2008.

16.

Identify any and all person(s) who gave notice of the incident to you, including their name, address, telephone number, the date, time and place that you received such notice as well as the person to whom such notice was given.

17.

Identify all writings, including time logs, cleaning logs maintenance records which you believe support any contentions you have made concerning the regular care of the parking lot at Kangaroo Express retail store #3638 in Rome, Floyd County, Georgia.

18.

Describe the steps taken by the Defendant prior to the Plaintiff's fall of February 8, 2008, to inspect or otherwise visually or physically ascertain the condition of the parking lot.

19.

Describe any materials instructing newly hired employees of their expected job duties, such as pamphlets, written rules, written policies, movies, or videotapes.  State if such materials are provided to or shown to such employees before or after they are hired.

Respectfully submitted, this the 3rd day of February, 2010.

PARKER & LUNDY

Charles E. Morris, Jr.
Georgia Bar No. 523598

P.O. Box 1018
212 Main Street
Cedartown, Georgia 30125
Phone: 770/748-5643
Fax:   770/748-5128

IN THE FLOYD COUNTY STATE COURT
STATE OF GEORGIA

DONNA RICHARDSON,                        )
                                         )
        Plaintiff,                       )
                                         )
vs.                                      )        CIVIL ACTION FILE NO:
                                         )         10-CV-00430JFL002
THE PANTRY, INC. and/or KANGAROO         )
EXPRESS, INC. d/b/a KANGAROO EXPRESS     )
STORE #3638,                             )
                                         )
        Defendants.                      )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE KANGAROO EXPRESS, INC. d/b/a KANGAROO EXPRESS STORE #3638

COMES NOW the Plaintiff, Donna Richardson, pursuant to O.C.G.A. § 9-11-34, and makes this her request that Defendant Kangaroo Express, Inc. d/b/a Kangaroo Express Store #3638 produce for inspection and copying the following documents which are in your possession, custody or control:

NOTE A:    When used in these Requests, the term Defendant, or any synonym thereof (including "you" or "your") is intended to and shall embrace and include, in addition to said Defendant, counsel for the Defendant and all agents, servants, employees, representatives, private investigators and others who are in possession of, or may have obtained information for or on behalf of said Defendant.

NOTE B:    These Requests shall be deemed continuing and supplemental answers shall be required if the Defendant, directly or indirectly, obtains further information of the nature sought herein between the time the answers are served and the time of trial.

1.

Any and all photographs, films or videotapes identified in responding to Plaintiff's Interrogatories.

Page 1 of 4

2.

All employee handbooks, employee manuals, procedure manuals, letters, memos, instruction manuals, and other writings that pertain to or are concerned in any way with the cleaning and maintenance of the parking lot at Kangaroo Express retail store #3638 in Rome, Georgia.

3.

A copy of the incident report for Plaintiff Donna Richardson's fall of February 8, 2008.

4.

All time logs, cleaning logs, maintenance records, or other writings compiled at the store where Plaintiff fell from December 1, 2007 through February 8, 2008. This Request for Production of Documents requests all records in the possession of the Defendant having to do, in any way, with cleaning and maintenance of the store and parking lot in which Plaintiff was injured on February 8, 2008.

5.

Any documentary, photographic, or other materials provided to, or shown to newly hired employees such as pamphlets, written rules, written policies, movies or videotapes from February 1, 2007 to February 8, 2008.

6.

Copies of any signs or warnings, or photographs of the signs, warnings or other cautionary measures taken by the Defendant on February 8, 2008, to warn its customers of any hazards or dangers related to the condition of its floor, or of any substances that may have accumulated on said floor.

7.

If you or anyone acting on your behalf obtained an oral, written, or recorded statement from any individual concerning the incident, including a statement from the plaintiff, produce a copy of

said writing or recording.

8.

If you or anyone acting on your behalf produced, sketched, drew, constructed, or otherwise create a diagram, reproduction or model of any place or thing concerning the incident, produce a copy of said diagram or reproduction.

9.

Produce a copy of any illustration or photographs of the premises of Kangaroo Express retail store #3638 located at 1808 Dean Avenue, Rome, Georgia, including any plan, design or drawing that shows the lay out of the location and fixtures of the store, etc.

10.

If any written notes, letters, recordings, or memoranda of any kind were made in connection with the investigation or inspection inquired of in Interrogatories #5 and #6, produce copies of such writings or recordings.

11.

If any expert witness identified in response to Plaintiff's Interrogatories has created a written report of his or her findings or opinions, has drafted notes related to his or her findings or opinions, or has made any sketches, models, recordings, audio or video tapes related to his or her findings or opinions, produce a copy of each such writing or recording.

12.

If, in your responses to Plaintiff's First Interrogatories, you refer to any documents not otherwise specified or requested, produce a copy of each such document.

13.

Produce copies of any incident report produced following any fall described or referred to in your responses to Plaintiff's First Interrogatories #12, #13, and #14.

Respectfully submitted, this the 3rd day of February, 2010.

PARKER & LUNDY

Charles E. Morris, Jr.
Georgia Bar No. 523598

P.O. Box 1018
212 Main Street
Cedartown, Georgia 30125

## CERTIFICATE OF SERVICE

I hereby certify that I have served the enclosed **First Interrogatories and First Request for Production of Documents to Defendant Kangaroo Express, Inc. d/b/a Kangaroo Express Store #3638** upon the defendant by attaching the same to the Complaint, and submitting the same for service by special agent for service of process.

This 3rd day of February, 2010.

PARKER AND LUNDY

Charles E. Morris, Jr.
Georgia Bar No. 523598

212 Main Street
Post Office Box 1018
Cedartown, Georgia 30125
(770) 748-5643

THE FLOYD COUNTY STATE COURT
STATE OF GEORGIA

DONNA RICHARDSON, )
)
    Plaintiff, )
)
vs. )       CIVIL ACTION FILE NO:
)        10-CV-00430JFL002
THE PANTRY, INC. and/or KANGAROO )
EXPRESS, INC. d/b/a KANGAROO EXPRESS )
STORE #3638, )
)
    Defendants. )

## CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

Notice is hereby given that Plaintiff, by and through the undersigned counsel, serves the following discovery materials upon the Defendant by placing same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereon to insure delivery.

1)    Plaintiff's First Interrogatories to Defendant Kangaroo Express, Inc. d/b/a Kangaroo Express Store # 3638; and

2)    Plaintiff's Request for Production of Documents to Defendant Kangaroo Express, Inc. d/b/a Kangaroo Express Store # 3638.

The original discovery materials have been retained in the custody of the undersigned.

This 3rd day of February, 2010.

PARKER AND LUNDY

212 Main Street
P.O. Box 1018
Cedartown, Georgia 30125
770/748-5643

CHARLES E. MORRIS, JR.
Georgia Bar No. 523598

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS** to all parties to this matter by attaching the same to the Complaint, and submitting the same for service by special agent for service of process.

This 3rd day of February, 2010.

**PARKER AND LUNDY**


_____
CHARLES E. MORRIS, JR.
Georgia Bar No. 523598
ATTORNEY FOR PLAINTIFF

212 Main Street
Post Office Box 1018
Cedartown, Georgia 30125
(770) 748-5643

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed and served a copy of the Petition for Removal upon all counsel of record by depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to:

Charles E. Morris, Jr.
PARKER & LUNDY
P.O. Box 1018
212 Main Street
Cedartown, Georgia 30125

This __1st__ day of ~~February~~ March, 2010.

James T. Brieske
State Bar No.  081635

Lauren B. Bell
State Bar No. 455556

Attorneys for Petitioners/Defendants
The Pantry, Inc. and/or Kangaroo Express,
Inc., d/b/a Kangaroo Express Store #3638

**GRAY, RUST, ST. AMAND,**
 **MOFFETT & BRIESKE, LLP**
950 E. Paces Ferry Road
1700 Atlanta Plaza
Atlanta, Georgia  30326
Phone: (404) 870-7387 (James T. Brieske)
Fax: (404) 870-7374
jbrieske@grsmb.com
Phone: (404) 870-6597 (Lauren B. Bell)
Fax: (404) 870-7374
lbell@grsmb.com

7